# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CR-4-JVB-APR |
| | ) | and |
| ROBERT A. BILLINGS, | ) | CAUSE NO.: 2:16-CV-32-JVB |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 56] and a Motion for Order for Transcripts [DE 59], both filed by Robert A. Billings on January 25, 2016. The government filed a response to the § 2255 request on April 18, 2016.

On January 4, 2012, a grand jury indicted Billings on two counts: receipt of child pornography (Count 1) and possession of child pornography (Count 2). On June 1, 2012, the government filed a plea agreement, signed by Billings, his attorney, and the government's attorney. In exchange for benefits offered by the government in the plea agreement (including the dismissal of Count 2 at sentencing), Billings agreed to plead guilty to Count 1 and to

> expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

(Plea Agreement ¶ 7.g, ECF No. 19). On November 16, 2012, the Court accepted Billings' plea and the plea agreement and sentenced Billings to 151 months incarceration, followed by 25 years of supervised release. The judgment was modified as to restitution on June 13, 2013.

In his § 2255 petition, Billings lists one basis for his petition: "Mr. Billings' sentence was imposed in violation of his right to due process, and, as imposed, runs afoul of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (U.S 2015)." (Mot. 28 U.S.C. § 2255 5, ECF No. 56).

In its response, the government argues that Billings' motion is untimely, is in contravention of his appellate waiver, and lacks merit.

Regarding waiver, Billings does not make any claim of ineffective assistance of counsel, so his petition falls within the challenges waived in the plea agreement. In general, appellate waivers in plea agreements are enforceable, and the Seventh Circuit Court of Appeals has "consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (finding a defendant may, in a plea agreement, waive his right to both direct appeal and collateral attack). There are limited exceptions to the general enforceability of appellate waivers, including

> (1) a sentence based on constitutionally impermissible criteria, such as race; (2) a sentence that exceeds the statutory maximum for the defendant's particular crime; (3) deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans); and (4) ineffective assistance of counsel in negotiating the plea agreement.

*United States v. Adkins*, 743 F.3d 176, 192-93 (7th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005)). Billings does not argue that some defect in his waiver exists such that it should not be enforced. The Court, on its own review, sees no barrier to enforceability and finds that Billings's waiver is enforceable and, on that basis, dismisses the § 2255 motion.

But, even if the Court found that the waiver should not preclude Billings' petition, the petition would still be denied. Petitions under § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Nothing in the petition suggests that subsections (2) or (4) apply. If subsection (1) is the latest date, then Billings's January 25, 2016 petition is untimely, even if the amended judgment date of June 13, 2013, is used. If subsection (3) provides the latest date, then the petition is timely. Billings purports to seek relief under *Johnson v. United States*, decided less than a year before he filed his petition, so if the right Billings asserts was initially recognized in *Johnson*, then the petition is timely.

However, the right asserted in the petition is not contained in *Johnson*. *Johnson* renders the residual clause of the Armed Career Criminal Act unconstitutionally vague. 125 S.Ct. 2551, 2557 (2015). Billings does not allege that he received an Armed Career Criminal enhancement, or any other detriment, based on the language deemed unconstitutionally vague in *Johnson*. He cannot convert his untimely motion to a timely one simply by claiming general unconstitutional vagueness that is unconnected to the specific—or even analogous—language first recognized as unconstitutionally vague in *Johnson*. Therefore, even without Billings's waiver of his right to challenge his conviction and sentence in a § 2255 petition, Billings is not entitled to relief.

Because the Court can resolve Billings' motion without the hearing transcripts, Billings's motion for the Court to order transcripts is denied.

Based on the foregoing, the Court hereby **DISMISSES** the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 56] and **DENIES** the Motion for Order for Transcripts [DE 59].

SO ORDERED on January 30, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT