UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:12-CR-4-JVB-APR |
| ) | |
| ROBERT A. BILLINGS, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion [for] Order of Expedited Release to Home Confinement or Compassionate Release [DE 70], filed by Defendant Robert Billings, *pro se*, on October 26, 2020. The Government responded on November 4, 2020. For the reasons below, the Court denies the motion.

**BACKGROUND**

On January 4, 2012, a two-count Indictment was filed charging Defendant with receiving (Count 1) and possessing (Count 2) visual depictions of minors engaged in sexually explicit conduct. Defendant was arrested and held without bond pending trial.

On November 16, 2012, Defendant pled guilty to Count 1 pursuant to a plea agreement. At the sentencing hearing on the same day, the Court dismissed the remaining count, and sentenced Defendant to a total of 151 months imprisonment and 25 years of supervised release. Defendant is currently confined at the Federal Correctional Facility in Ashland, Kentucky (FCI-Ashland).

On October 26, 2020, Defendant filed the instant motion, asking to be released from prison[1] is light of the COVID-19 pandemic and his hypertension and high BMI. The Court referred the

---

[1] Defendant asks the Court to "transfer [him] to home confinement . . . or in the alternative, order a reduction in [his] sentence pursuant to the applicable law governing compassionate release." Only the Bureau of Prisons can decide where Defendant serves his sentence. *See* 18 U.S.C. § 3621(b). However, the Court can consider his request for compassionate release pursuant to 18 U.S.C. § 3582.

motion to the Federal Community Defenders Office to consider whether to file a supplemental brief in support of Defendant's motion. The office declined to do so. The Government filed its response on November 4, 2020.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

### A. Administrative Exhaustion

Although Defendant states that he complied with the administrative exhaustion requirement, the Government argues that he did not. This requirement is satisfied "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). Defendant attaches a printout of correspondence addressed to the Warden, dated June 26, 2020, in which he requests to be "released to home confinement under the CARES Act." Mot. Ex. 1 [DE 70-1] at 1. The request was apparently denied on June 29, 2020. *See id*. The Government states that the "BOP has no record of Defendant seeking a Reduction in Sentence from his Warden," but does not address the correspondence submitted by Defendant. Nonetheless, the Government concedes that this issue is not jurisdictional, and the Court need not determine Defendant's compliance with the requirement because the motion is denied for other reasons.

**B.     Extraordinary and Compelling Reasons**

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.[2]

Defendant identifies hypertension[3] and high BMI for the Court to consider in deciding whether to grant Defendant compassionate release. Defendant's medical records, submitted by the Government with its response, indicate that in 2013, his hypertension was in "remission." Resp. Ex. B [DE 73-2] at 16. On May 13, 2020, he complained of high blood pressure and reported that he had taken himself off hypertension medication "years ago." *Id*. at 7. He was given a prescription for lisinopril to address hypertension, and counseled as to his diet. *Id*. at 7. At a follow-up appointment two weeks later, he reported that he was "doing well." *Id*. at 5. Imaging of his chest on August 21, 2020 revealed normal results with mild cardiac enlargement. *Id*. at 31. Most recently, on October 27, 2020, he reported that he was still taking the medication and "doing well," and the prison medical staff listed his hypertension as "controlled." *Id*. at 1-2. None of the records provided to the Court address Defendant's BMI, although he claims it is over 30.

---

[2] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.
[3] Separately, Defendant lists "high blood pressure" as another condition to consider, but high blood pressure is synonymous with hypertension. *See https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/symptoms-causes/syc-20373410* (last visited November 5, 2020).

Hypertension and obesity can lead to higher risk for severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 5, 2020). However, Defendant's medical records do not show that he has experienced particularly severe symptoms, required aggressive treatment, or would be unable to provide self-care at the correctional facility. The records indicate that, after a long period without taking hypertension medication, Defendant's hypertension is "controlled" with medication. Nothing in the record indicates that the condition cannot be managed at the facility. As for Defendant's BMI, accepting Defendant's contention that it is over 30, the CDC would classify him as obese, which carries an increased risk of severe illness. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited November 5, 2020). But there is no indication that Defendant sought or has required any treatment for obesity, or that his obesity is severe. *See id.* (BMI of 40 or above is classified as "severe"). In summary, although Defendant has conditions that increase his risk of severe illness, it is not apparent that they are so severe as to be "extraordinary and compelling" reasons for release. *See United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899 (N.D. Ind. June 19, 2020) (denying request for release despite allegations of hypertension, high cholesterol, diabetes, obesity, and childhood asthma).

Defendant argues that because he is incarcerated, he faces an increased risk for contracting COVID-19. The Court does not take this concern lightly. Of the 1,032 inmates at FCI-Ashland, the BOP reports 1 active case of COVID-19 among inmates, and none among staff, while 7 inmates and 5 staff members are listed as having "recovered." *See* https://www.bop.gov/coronavirus/ (last visited November 5, 2020). The Court acknowledges that the threat is ongoing and can change rapidly. However, the risk also exists outside of prison. Defendant's motion does not indicate

4

where he would live if released, but the CDC reports that nationwide, more than 9.3 million people, or roughly 2.85% of the population, have tested positive for COVID-19. *See* https://covid.cdc.gov/covid-data-tracker (last visited November 5, 2020). Defendant also points to other circumstances he hopes would warrant his release, such as his remorse for his actions, his good behavior in prison, improved job prospects from the welding training he has received, and the support he receives from friends and family. While the Court acknowledges the progress Defendant has made, these factors are generally not the kind that justify compassionate release. *See*, *e.g.*, *United States v. Milton*, No. 2:15-CR-172, 2020 WL 6268806, at *3 (N.D. Ind. Oct. 26, 2020) ("While Milton's good behavior and desire to better herself by taking classes is certainly commendable . . . it is not a basis for release.").

Under the circumstances, the Court cannot say that Defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release and must deny the motion. In so doing, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion [for] Order of Expedited Release to Home Confinement or Compassionate Release [DE 70].

SO ORDERED on November 5, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
